[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Fairfield, Connecticut, on May 7, 1983, and the plaintiff and the defendant have been residents of Connecticut for at least twelve months next preceding the date of this hearing. There are no minor children issue of this marriage.
The evidence presented established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court carefully considered the criteria set forth in 46b-62, 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff, age 44, has a college degree from the University of Bridgeport having received a B. A. in Philosophy. He has been in the construction business for a considerable period of time. His testimony indicated that the focus of his work was in the residential home market. He described his health as "decent."
The defendant, age 43, has an Associate's Degree in merchandising. Significantly involved in work with a local hospital, her W2 income since the parties returned to Connecticut has been earned working in the travel business. She described her health as "good."
Evidence was presented on both sides concerning the causes for the breakdown. It would serve no useful purpose to repeat the testimony. Suffice it to say that the plaintiff portrayed the picture of being a concerned, supportive husband who became worn down over time by the defendant's excessive mood swings. He would absent himself from the relationship for CT Page 5191 extended periods of time on work projects because, he testified, he and his wife were not suited well to one another.
Mrs. Ardell painted a much different picture. Her husband was irresponsible and an inconsistent worker. She claimed that he constantly subjected her to verbal abuse. She testified that he had a drinking problem. She also testified that she had to obtain a restraining order to have him removed from the house.
The following orders shall enter:
1. The personal property located at the residence on Sport Hill Road, Easton, shall remain the sole property of the defendant, except for the following items which the plaintiff may pick up and retain upon reasonable notice to the defendant: his personal belongings, York stereo and speakers, antique rocker, two opening ottomans, Interdown, skin diving equipment and construction tools and ladders.
2. The defendant will cooperate with the plaintiff if he wishes to take advantage of COBRA benefits that may be available to him at his own cost.
3. The defendant shall have sole title to the 1985 Cadillac Seville. The plaintiff shall execute any documents necessary to effectuate this transfer. The defendant will fully indemnify and hold harmless the plaintiff from any monies still due and owing on said vehicle.
4. No alimony shall be awarded to either party.
5. The plaintiff shall contribute $1,500.00 towards the attorney's fees of the defendant, $500.00 to be paid within thirty (30) days and $500.00 each thirty (30) days thereafter.
6. The plaintiff shall transfer to the defendant all his right, title and interest in and to the jointly owned residence located at 68 Sport Hill Road, Easton, Connecticut. Simultaneously therewith, the defendant shall execute a mortgage note and deed (in form substantially similar to that utilized by People's Savings Bank) in favor of the plaintiff in the amount of $10,500.00 due and payable upon her death, remarriage, cohabitation, the sale of the residence, or three (3) years from date, whichever event shall first occur. Interest on said note shall be paid at the rate of six (6%) per cent per annum, simple interest, all accumulated interest to be paid at the time the principal becomes due CT Page 5192 and owing. The mortgage note and deed may be paid off at any time without penalty, and the plaintiff shall subordinate this mortgage to any first lien that leaves sufficient equity in the premises to protect the amount of this indebtedness.
 The defendant will be responsible for the payment of the first mortgage as well as carrying costs including but not limited to taxes, insurance, utilities, repairs, maintenance, etc., on this property and shall fully indemnify and hold harmless the plaintiff therefrom. The defendant shall also be responsible for the $35,000.00 lien on said property and shall fully indemnify and hold the plaintiff harmless therefrom. The defendant will be responsible for the preparation of the mortgage note and deed as well as the quitclaim deed associated with this transfer.
7. Each party shall be responsible for the bills as listed on her or his affidavit and shall fully indemnify and hold the other harmless therefrom.
8. Except as may otherwise be treated in this memorandum of decision, each party shall retain ownership of any asset now held in his or her respective name. The plaintiff shall be entitled to the painting.
9. For any taxes, interest, and/or penalties found to be due and owing on any joint tax return, each party shall be responsible for the amount owed based on the income earned and/or deductions claimed by that party. As to taxes, interest and/or penalties on the returns that are based on joint deductions or a mistake by the preparer of the document, the amount found to be due and owing shall be divided equally between the parties. In particular, the plaintiff shall be responsible for the tax indebtedness shown on his affidavit and shall fully indemnify and hold the defendant harmless therefrom.
LAWRENCE L. HAUSER, JUDGE